# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 06cr269 (MRK) |
| : | |
| NICHOLAS ROJAS : | |

## AMENDED RULING AND ORDER[1]

The Fair Sentencing Act of 2010, Pub. L. 111-120, 124 Stat. 2372 (Aug. 3, 2010), significantly reduced the disparity between the federal mandatory minimum sentences for powder cocaine-related offenses and cocaine base or "crack"-related offenses.[2] *See* 21 U.S.C. § 841. At issue here is whether the Act and the emergency amendments to the federal Sentencing Guidelines promulgated under that Act by the United States Sentencing Commission, *see* Supplement to the 2010 Guidelines Manual § 2D1.1 (Nov. 1, 2010), apply retroactively to persons who committed cocaine-base trafficking offenses before passage of the Act, and who were also convicted and sentenced before its enactment. In light of the Second Circuit's recent decision in *United States v. Baldwin*, No. 09-1725-cr, 2010 WL 4250060 (2d Cir. Oct. 27, 2010) (Summary Order), the Court

---

[1] At several points in the Court's original Ruling and Order, the Court mistakenly referred to a statute at issue in this case as 18 U.S.C. § 841 instead of as 21 U.S.C. § 841, the correct citation. The Court regrets the error.

[2] The United States Supreme Court recently granted certiorari to determine whether the phrase "cocaine base" in Title 21 of the United States Code refers to every form of cocaine that is classified chemically as a base, or whether it refers only to the substance commonly referred to as "crack" cocaine. *See DePierre v. United States*, 131 S. Ct. 458, 458 (2010). The Second Circuit holds that the phrase has the prior, more expansive meaning. *See United States v. Jackson*, 968 F.2d 158, 162 (2d Cir. 1992) ("We decline to equate cocaine base with 'crack' cocaine."). That distinction is unimportant for this Court's present purposes.

holds the Act does not retroactively lower the mandatory minimum sentences for cocaine base trafficking defendants who committed their offenses before passage of the Act. The Court further holds that the emergency amendments to the Sentencing Guidelines do not authorized this Court to resentence a defendant who was convicted and sentenced for cocaine base trafficking before the adoption of the emergency amendments.[3] Further, even if the Court were authorized to resentence Defendant Nicholas Rojas, the emergency amendments would likely be of no benefit to him.

## I.

On July 8, 2009, following a trial in which a jury found him guilty, the Court sentenced Mr. Rojas to eighty months imprisonment and a four-year term of supervised release for conspiracy to possess with intent to distribute and to distribute five grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.[4] The Court calculated Mr. Rojas's sentence based on its finding that at least thirty-five but less than fifty grams of cocaine base were attributable to Mr. Rojas, and that he belonged in Criminal History Category IV. Under the Sentencing Guidelines in effect at that time, which relied on a 100-to-1 ratio between powder cocaine and cocaine base, Mr. Rojas's recommended term of imprisonment was thus 110-137 months. *See U.S. Sentencing Guidelines Manual* § 2D1.1(c)(6) (2008). Mr. Rojas is currently

---

[3] The emergency amendments were promulgated less than two months ago. As far is this Court is aware, this Court is the first federal district court to decide whether the emergency amendments permit the Court to resentence a defendant who has already been convicted and sentenced.

[4] The Court also sentenced Mr. Rojas to a forty-eight-month term of imprisonment and a one-year term of supervised release for each of two counts of using a communication facility – specifically, a telephone – to commit a drug trafficking felony, in violation of 21 U.S.C. § 843(b). Those two sentences are to be served concurrently with the sentence for Mr. Rojas's cocaine base conspiracy conviction.

serving his term of imprisonment at the Federal Correctional Institution in Fort Dix, New Jersey.

The President signed the Fair Sentencing Act of 2010, Pub. L. 111-120, 124 Stat. 2372 (Aug. 3, 2010), into law on August 3, 2010, just over a year after this Court sentenced Mr. Rojas. Among other things, the Act amended 21 U.S.C. § 841(b)(1)(B) so that its five-year mandatory minimum applies only to violations involving twenty-eight grams or more, rather than just five grams or more, of cocaine base. *See* Pub. L. 111-120, § 2(a)(2). The Act also granted the Sentencing Commission the emergency authority to promulgate immediately changes provided for in the statute and to make any other conforming amendments to the Sentencing Guidelines that the Commission believed were necessary to achieve consistency with other guideline provisions and other applicable law. *See id.* § 8. On October 15, 2010, the Sentencing Commission promulgated a number of emergency amendments to the Sentencing Guidelines in order to implement the Act. *See* News Release, U.S. Sentencing Commission, United States Sentencing Commission Promulgates Amendment to Implement Fair Sentencing Act of 2010 (Oct. 15, 2010), *available at* http://www.ussc.gov/Legislative_and_Public_Affairs/Newsroom/Press_Releases/20101015_Press_Release.pdf. The emergency amendments took effect on November 1, 2010. *See* Supplement to the 2010 Guidelines Manual (Nov. 1, 2010).

Mr. Rojas filed the pending Motion [doc. # 1346] in this Court on November 18, 2010, just 105 days after the President signed the Fair Sentencing Act into law and only fifteen days after the emergency amendments took effect. The Court construes Mr. Rojas's Motion as a motion for modification of an imposed sentence pursuant to 18 U.S.C. § 3582(c)(2). In the Motion, Mr. Rojas argues that under the Act and the emergency amendments, his sentence should be modified to provide for a reduced term of imprisonment of 41-51 months. Mr. Rojas has attached to the Motion

a copy of a certificate recognizing his satisfactory completion of a stress management workshop during his incarceration. The Government filed a lengthy brief in opposition to the Motion.

## II.

The Court begins with Mr. Rojas's argument that following the enactment of the Fair Sentencing Act of 2010, he is no longer subject to a mandatory minimum prison term of five years under 21 U.S.C. § 841(b)(1)(B). Mr. Rojas does not explicitly argue in his motion that the Act amended § 841(b)(1)(B) retroactively. However, he does assert that following the Act, his recommended term of imprisonment under the Sentencing Guidelines would be only 41-51 months. Any term of imprisonment within that range would be significantly below the mandatory minimum under § 841(b)(1)(B). Thus, the Court construes Mr. Rojas's motion to raise the mandatory minimum issue implicitly.

Just two months ago, the Second Circuit reasoned in *Baldwin* that "the Act contains no express statement that it is intended to have retroactive effect nor . . . [could] such intent [be inferred] from its language." 2010 WL 4250060 at *2. Thus, the Court held that even after passage of the Act, the mandatory minimum that applies to a cocaine base trafficking offense is still the one that was in place at the time the offense was committed. *See id.*; 1 U.S.C § 109 ("The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so *expressly* provide . . . ." (emphasis added)). Although *Baldwin* was issued as a non-precedential summary order rather than as a published opinion, the Second Circuit typically follow its own non-precedential summary orders. *See United States v. Payne*, 591 F.3d 46, 58 (2d Cir. 2010) ("Denying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases."). District courts in

4

this Circuit have uniformly followed *Baldwin*. *See, e.g.*, *United States v. Tejada*, No. 07cr502 (VM), 2010 WL 4967977, at *2 (S.D.N.Y. Dec. 2, 2010) ("It would demand an expression of utmost temerity, if not robust arrogance, for a district court to flout germane guidance of a Circuit Court panel and to substitute its own conclusion of law, particularly as to a question about Congressional intent concerning the effective date of a new statute."). Further, *Baldwin* is consistent with every published circuit court opinion resolving the same issue. *See United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010); *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). The Court follows *Baldwin* here and rejects Mr. Rojas's argument that the Act amended § 841(b)(1)(B) retroactively.

At the time Mr. Rojas committed his offense, § 841(b)(1)(B)'s five-year mandatory minimum applied to offenses involving five or more grams of cocaine base. In convicting Mr. Rojas under that Section, the jury necessarily found that Mr. Rojas's offense involved five or more grams of cocaine base. Thus, even if the Court had the authority to resentence Mr. Rojas now – and the Court ultimately concludes that it does not – Mr. Rojas would still be subject to a five-year mandatory minimum under the old version of § 841(b)(1)(B). But the Court notes that even if Mr. Rojas were to commit the same offense *today* and be convicted, he would in all likelihood *still* be subject to a mandatory minimum term of five years imprisonment. The amended version of § 841(b)(1)(B) provides for a mandatory minimum sentence when an offense involves twenty-eight grams or more of cocaine base. It was always the Government's contention in this case – and the Court found at sentencing – that Mr. Rojas's offense involved more than thirty-five grams of cocaine base. Although the Government did not have to prove that amount to the jury, it likely would have been

able to prove that quantity and successfully prosecute him under the new version of § 841(b)(1)(B).

**III.**

The Court next turns to Mr. Rojas's argument that the Court should resentence him in light of the emergency amendments recently promulgated by the Sentencing Commission. The Government relies on *United States v. Millhouse*, No. 7:04cr85-F3, 2010 WL 4338383 (E.D.N.C. Oct. 22, 2010), to support its argument that the emergency amendments do not permit district courts to resentence defendants. But the Government seemingly overlooks the fact that *Millhouse* was decided *before* the Sentencing Commission promulgated the emergency amendments. *See id.* at *2 ("As of the date of this order, there is no amendment listed in U.S.S.G. § 1B1.10(c) that lowers a guideline range on account of the FSA."). At least one federal district court has noted that the Sentencing Commission did not make the emergency amendments retroactive. *See United States v. Wall*, No. 5:08cv17, 2010 WL 4809100, at *1 n.2 (W.D. Va. Nov. 19, 2010). As far as this Court is aware, this Court is the first federal district court to actually decide the issue presented here.

As a general rule, the criminal sentences imposed by this Court are final. However, "[18 U.S.C. §] 3582(c)(2) establishes an exception to the general rule of finality." *Dillon v. United States*, --- U.S. ----, 130 S. Ct. 2683, 2691 (2010). "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," § 3582(c)(2) authorizes this Court to modify an imposed term of imprisonment upon the defendant's motion "after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see, e.g.*, *United States v. Vasquez*, No. 3:06cr269 (MRK), 2009 WL 6700482, at *1

6

(D. Conn. Nov. 16, 2009). In determining whether a reduction in Mr. Rojas's sentence is permitted, the Court must consider the "applicable policy statements" contained in § 1B1.10(a) of the U.S. Sentencing Guidelines Manual. *See United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) ("Section 1B1.10 lists the 'covered' Guidelines amendments that may serve as the bases for a reduction in sentence . . . ."). Section 1B1.10(a)(2) provides: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized . . . if (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *U.S. Sentencing Guidelines Manual* § 1B1.10(a) (2010). Subsection (c) lists the specific guideline amendments that district courts may apply retroactively.

Although the Sentencing Commission has promulgated emergency amendments to the Sentencing Guidelines since *Millhouse*, it has not yet listed the emergency amendments in § 1B1.10(c). As a result, § 1B1.10(a)(2)(A) precludes this Court applying the emergency amendments retroactively to modify Mr. Rojas's sentence. *Cf. United States v. Martinez*, 572 F.3d 82, 86 (2d Cir. 2009) (affirming a district court's finding that a criminal defendant was not eligible for resentencing because the cocaine base sentencing guideline amendments he sought relief under were not listed in subsection (c)). The Court therefore need not, and does not, reach the Government's argument that the Sentencing Commission lacks the authority to make the emergency amendments promulgated under the Act retroactive.

The Court notes that even if the emergency amendments did apply retroactively to Mr. Rojas, he would likely not benefit from them. The Sentencing Guidelines were advisory rather than mandatory at the time of Mr. Rojas's sentencing, *see United States v. Booker*, 543 U.S. 220, 245

7

(2005), but the Court was required to at least consider the applicable sentencing range under the Sentencing Guidelines in effect for Mr. Rojas's offense on the date of his sentencing. *See* 18 U.S.C. § 3553(a)(4)(A). At the time, based on a 100-to-1 ratio between powder cocaine and cocaine base, Mr. Rojas's recommended term of imprisonment under the Sentencing Guidelines was 110-137 months. That recommended range undoubtedly had some impact on the Court's calculation of the appropriate sentence for Mr. Rojas. *See* Nancy Gertner, *Thoughts on Reasonableness*, 19 Fed. Sent'g Rep. 165, 167-68 (2007) ("Psychologists call the phenomenon 'anchoring.' . . . When asked to make a judgment, decision makers take an initial starting value (*i.e.*, the anchor) and then adjust up or down. Studies underscore the significance of that initial anchor; judgments tend to be strongly biased in its direction."). But the Court ultimately sentenced Mr. Rojas to an eighty-month term of imprisonment, in part because, in this Court's view, the pre-amendment 100-to-1 ratio between powder cocaine and cocaine base resulted in unduly harsh sentences.

Mr. Rojas suggests that under the emergency amendments to the Sentencing Guidelines, his recommended term of imprisonment would be only 41-51 months. But Mr. Rojas has calculated that range incorrectly. If the Court were to sentence Mr. Rojas today, based on the quantity of cocaine base attributable to him and given his prior criminal history, his recommended term of imprisonment under the emergency amendments to the Sentencing Guidelines would be 78-97 months. *See* Supplement to the 2010 Guidelines Manual § 2D1.1(c)(7) (Nov. 1, 2010). Thus, the eighty-month sentence that this Court imposed on Mr. Rojas would not only be *within the guideline sentence range*, but would also be *on the very low end* of the recommended range. If the Court had the authority to resentence Mr. Roja under 18 U.S.C. § 3582(c)(2), it *could* resentence him to a term of imprisonment "'comparably' below the amended range" since his original sentence was also below

8

the Guidelines range. *Dillon*, 130 S. Ct. at 2692. But the Court, after considering all the circumstances of Mr. Rojas's crime and prior criminal history – including whether the public needed to be protected from Mr. Rojas and whether he was likely to commit a similar offense again – departed below the Sentencing Guidelines in this case *precisely* due to the same concern about the harshness of the 100-to-1 ratio between powder cocaine and cocaine base that motivated Congress and the Sentencing Commission in reducing that ratio.

**IV.**

In sum, the Court applauds Mr. Rojas for his continuing efforts at rehabilitation during his imprisonment, but finds that he is still subject to a mandatory five year term of imprisonment under 21 U.S.C. § 841(b)(1)(B), and that he is not eligible to have his sentence reduced under 18 U.S.C. § 3582(c)(2). Mr. Rojas's Motion [doc. # 1346] is therefore DENIED.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: December 13, 2010.**